# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**LOVELL SIMMS,**

        **Plaintiff,**        **CIVIL ACTION NO. 06-CV-14892-DT**

vs.

        **DISTRICT JUDGE NANCY G. EDMUNDS**

**JOHN E. POTTER,**        **MAGISTRATE JUDGE MONA K. MAJZOUB**

        **Defendant.**

_____/

## REPORT AND RECOMMENDATION

**I.    RECOMMENDATION:**    Defendant's Motion for Summary Judgment filed on December 28, 2007 (docket no. 19) should be **GRANTED**.

**II.    REPORT:**

    *A.    Procedural History, Facts, and Claims*

    This is a civil rights action pursuant to Title VII of the Civil Rights Act of 1964. Plaintiff was a customer service manager employed by the United States Post Office, Northside Station, Flint, Michigan. (Docket no. 20). On February 2, 2004, Postmaster for Flint, Michigan, Pamela Franklin, convened a meeting during which she informed Plaintiff that Donna Jacobi, a city letter carrier under Plaintiff's supervision, had brought allegations of sexual harassment against him.[1] (*Id.*). Postmaster Franklin advised Plaintiff that, in accordance with post office protocol, he would be moved temporarily from the Northside Station to another station in Flint for at least a few days or until the matter could be investigated. (*Id.*). She also advised Plaintiff that during this time he would be working on special projects for her, such as building security audits. (*Id.*). Postmaster Franklin also told Plaintiff not to

---

[1] Ms. Jacobi claimed that Plaintiff had made several inappropriate statements to her over a three-year period. (Docket no. 20).

have any contact with Donna Jacobi and not to go near the Northside Station office. (*Id.*). The parties did not discuss during this meeting any change in Plaintiff's grade level, pay or job title. (*Id.*). Plaintiff refused to accept this temporary reassignment. (*Id.*). He told Postmaster Franklin that he was refusing any other work assignment and would be taking sick leave immediately. (*Id.*). Plaintiff remained on sick leave until his application for disability retirement was approved, effective June 30, 2004. (*Id.*).

Post office management investigated the allegations against Plaintiff from February 3, 2004 until February 12, 2004. (*Id.*). They determined that Plaintiff had exhibited unacceptable conduct toward Ms. Jacobi and other subordinate female employees at the Northside Station. (*Id.*). Although disciplinary proceedings were initiated against Plaintiff, he remained in pay status until his retirement at which time the proposed adverse action against him became moot. (*Id.*). From February 2, 2004 until his retirement there was no change in Plaintiff's pay, grade level, or employment status. (*Id.*).

Plaintiff submitted an EEO Complaint of Discrimination in the Postal Service on March 15, 2004. (Docket no. 19, ex. 3). He alleged discrimination on the basis of race (Black), sex (Male), and retaliation for prior EEO activity. (*Id*). In the narrative section of the form Plaintiff stated that his request for management to investigate harassment by a craft employee was denied because he was a manager. The Administrative Judge assigned to the case made a decision without a hearing and found that Plaintiff failed to establish that he had suffered an adverse action in his employment that was actionable under Title VII. (*Id.*, ex. 7). The judge issued her decision on May 3, 2005. (*Id.*).

Plaintiff then filed his Complaint in this Court. (Docket no. 1). He alleges that he was "removed from the agency" on February 2, 2004. (*Id.* at 3). He also alleges that the sexual harassment charges against him are false and that the postal service failed to properly investigate the charges. Plaintiff also claims that the Administrative Judge improperly decided his case without holding a hearing. (*Id.* at 4). Plaintiff's Complaint fails to set out any other specific claims against Defendant such as that

he was discriminated against because of race, sex, or because of prior EEO activity.

Plaintiff responded to Defendant's Motion for Summary Judgment by filing a "Motion for Trial Hearing." (Docket no. 22). He asks for a trial hearing because the facts he presented have not been investigated. He attaches a copy of a Summary of Interview of Sue Henry, a customer service supervisor at the post office. This summary was apparently prepared during the investigation by the postal service into Ms. Jacobi's charges. Plaintiff points out that the summary shows that Ms. Henry categorized Ms. Jacobi as a "constant complainer" with a personal vendetta against Plaintiff. (*Id.* at 2). Plaintiff also notes that Ms. Henry reportedly said that the vendetta may stem from a situation that occurred a year earlier when Plaintiff denied Ms. Jacobi's request for a special route adjustment. (*Id.*). Plaintiff also gives reasons why some employees may hold a grudge against him and complains that no one talked to his witnesses. (*Id.*).

B.  *Standard of Review*

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the burden of showing an absence of evidence to support the non-moving party's case. *Covington v. Knox County Sch. Sys.*, 205 F.3d 912, 915 (6th Cir. 2000). Once the moving party has met its burden of production, the non-moving party must come forward with significant probative evidence showing that a genuine issue exists for trial. (*Id.*). A mere scintilla of evidence is insufficient to defeat a supported motion for summary judgment; rather, "there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). While the evidence itself need not be the sort admissible at trial, the evidence must be more than the non-movant's own pleadings. *Ashbrook v. Block*, 917 F.2d 918, 921 (6th Cir. 1990); *see also Street*

*v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989) (explaining that the non-moving party may not rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact).

  *C.*   *Analysis*

  The Court will address the claims that Plaintiff made in his EEO complaint, namely his allegations of race and sex discrimination and retaliation, even though his Complaint in this action fails to specifically raise those issues. Also, the Court will address the claim that Plaintiff alludes to in his Complaint–that he was constructively discharged on February 2, 2004.

  Defendant moves for summary judgment on Plaintiff's discrimination and retaliation claims because he cannot establish that Defendant took an employment action adverse to him. Plaintiff has not made any showing of direct evidence of discrimination or retaliation. Therefore, he must be relying on the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Under that framework, an element of the prima facie case for claims of race and sex discrimination is that Plaintiff establish that he suffered an adverse employment action. *Lee v. United States Postal Serv.*, 12 Fed. App'x 322 (6th Cir. 2001); *Anderson v. Potter*, 2007 WL 851752 (E.D. Mich. Mar. 21, 2007). In addition, to establish a prima facie case of unlawful retaliation, Plaintiff must establish that Defendant took an employment action against him that a reasonable employee would have found materially adverse. *Watson v. City of Cleveland*, 202 Fed. App'x 844, 855 (6th Cir. 2006) (citing *Burlington N. & Santa Fe Rwy. Co. v. White*, 126 S.Ct. 2405 (2006)); *Anderson*, 2007 WL 851752. If Plaintiff fails to establish an element of his prima facie case, Defendant is entitled to summary judgment on that claim. *See Anderson*, 2007 WL 851752.

  A materially adverse employment action must be more disruptive than a mere inconvenience or an alteration of job responsibilities. A materially adverse change might be indicated by a termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a

material loss of benefits, significantly diminished material responsibilities, or other indices that might be unique to a particular situation. *Kocsis v. Multi-Care Mgmt., Inc.*, 97 F.3d 876, 886 (6th Cir. 1996). With respect to a retaliation claim, a materially adverse action is an action which might dissuade a reasonable worker from making or supporting a charge of discrimination. *Watson*, 202 Fed. App'x at 855.

Defendant has pointed out the lack of evidence in the record supporting a claim that Plaintiff suffered a materially adverse change in his employment that could be attributed to race or sex discrimination or retaliation. Plaintiff has failed to point to any evidence showing an adverse action. There is no showing that Plaintiff's separation from his employment through his retirement was anything but a voluntary act by Plaintiff. Similarly, there is no showing that Defendant terminated Plaintiff's employment or that he was demoted, given a less distinguished title, lost material benefits, or was subjected to significantly diminished material responsibilities. *See Kocsis*, 97 F.3d at 886. Plaintiff's temporary, lateral transfer to a postal station in the same city does not constitute a materially adverse change in his employment. *See Yates v. Avco Corp.*, 819 F.2d 630, 638 (6th Cir. 1987) (reassignment without salary or benefit changes did not give rise to Title VII violation). Plaintiff has failed to establish this element of his prima facie cases, therefore summary judgment is appropriate for Defendant.

Plaintiff alleges in his Complaint that he was removed from his job. He may establish an adverse employment action by showing that he was constructively discharged. *Logan v. Denny's Inc.*, 259 F.3d 558, 568 (6th Cir. 2001). However, to establish a constructive discharge Plaintiff must show that Defendant deliberately created intolerable working conditions, as perceived by a reasonable person, and that Defendant did so with the intention of forcing Plaintiff to quit. (*Id.* at 568-69). The above discussion demonstrates that Plaintiff has failed to present evidence that Defendant subjected him to intolerable working conditions as perceived by a reasonable person. Plaintiff has also failed to present any evidence showing that Defendant intended to force him to quit by the job reassignment.

Accordingly, Plaintiff has not established that he was constructively discharged.

Finally, Plaintiff complains in his Complaint that his case has never been properly investigated. (Docket no. 1). Such an allegation fails to state a claim upon which relief may be granted, however. *Jordan v. Summers*, 205 F.3d 337, 342 (7th Cir. 2000) (federal court's consideration of case on merits essentially moots such a claim).

### III.     NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address

each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: February 08, 2008           s/ Mona K. Majzoub
                                         MONA K. MAJZOUB
                                         UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon Lovell Simms and Counsel of Record on this date.

Dated: February 08, 2008           s/ Lisa C. Bartlett
                                         Courtroom Deputy